# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HUSSEIN ABDELQADER,

   Petitioner,

  v.                                        Case No. 18-CV-400

JUSTIN MILLER and
RICARDO WONG,

   Respondents.

## RULE 4 ORDER

On March 13, 2018, Hussein Abdelqader, who is currently detained at Kenosha County Detention Center, filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging his detention in connection with removal proceedings. (Docket # 1.) On February 13, 2004, after finding that petitioner was not eligible for an additional visa, an Immigration Judge ordered voluntary dismissal within sixty days. (Pet. ¶ 15.) When petitioner did not depart, the order became an order of removal which became final on November 21, 2005. (*Id.*) Plaintiff has reported to the Immigration and Customs Enforcement ("ICE") Chicago office since 2010 and was taken into custody on August 8, 2017 after a reporting appointment. (Pet. ¶ 16.) On March 5, 2018, ICE informed petitioner that it was unable to locate petitioner's travel document. (Pet. ¶ 23.) After being in custody for over seven months, petitioner asserts that he is being detained in violation of the Constitution.

Abdelqader requests release because he has been detained for more than six months. (Pet. ¶ 26.) Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), a presumptively reasonable

period of detention for purposes of removal should not exceed six months. Once that period expires, and once the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id*.

Pursuant to Rule1(b) of the Rules Governing § 2254 Cases, I apply Rule 4 to this case. Based on the allegations in the petition, I cannot conclude Abdelqader is plainly not entitled to relief. Accordingly, I will require the respondent to answer the petition.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of the Court shall effect service of the petition and this Order upon respondent pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **THIRTY** (30) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have **THIRTY** (30) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have **THIRTY** (30) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have **TEN** (10) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **THIRTY** (30) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **FIFTEEN** (15) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 19th day of March, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge